UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X   Case No.  18-CV-0861

ANZHELIKA POGREBIZHENSKAYA,

                               Plaintiff,                             **COMPLAINT**

                  - against -

SMILES AROUND US FOR INFANTS AND
TODDLERS INC., YELENA GORDIYEVSKAYA,
*Individually*, SVETLANA KAZAKEVICH,
*Individually*, and GABRIELE KAZAKEVICH,
*Individually*,

                            Defendants.

---------------------------------------------------------------------------X

       Plaintiff, ANZHELIKA POGREBIZHENSKAYA, by her attorneys, LAW OFFICE OF YURIY MOSHES, P.C., hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.    Plaintiff brings this action against Defendants pursuant to the <u>Fair Labor Standards Act</u>, 29 U.S.C. § 201, *et seq.* ("FLSA") and the <u>New York State Labor Law,</u> Articles 6 & 19 ("NYLL") for failure to pay wages due and owed for hours worked in excess of forty (40) hours per workweek.  Defendants required Plaintiff to work more than forty (40) hours a week, but wholly failed to pay her overtime wages for all the hours she worked over forty (40) in a week.  As a result of Defendants' violation of the NYLL and FLSA, Plaintiff is entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

2.     Plaintiff also complains pursuant to the <u>Wage Theft Prevention Act</u>, New York Labor Law § 195, *et seq.,* and seeks to redress the damages she has suffered as a result of Defendants' failure to give her written notice of wage rates, including, inter alia, her rate of pay.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court is proper under §216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28 U.S.C. §§ 1331 and 1343.

4.     The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## PARTIES

6.     That at all times relevant hereto, Plaintiff ANZHELIKA POGREBIZHENSKAYA ("POGREBIZHENSKAYA") was a resident of the State of New York and the County of Richmond.

7.     That at all times relevant hereto, Defendant SMILES AROUND US FOR INFANTS AND TODDLERS INC.   ("SMILES AROUND US") was a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 343 Sand Lane, Staten Island, New York 10305.

8.     That at all times relevant hereto, Plaintiff POGREBIZHENSKAYA was a full-time

employee of Defendant SMILES AROUND US.

9.     That at all times relevant hereto, Defendant YELENA GORDIYEVSKAYA ("GORDIYEVSKAYA") was an employee of Defendant SMILES AROUND US, holding the position of "Chief Executive Officer."

10.    That at all times relevant hereto, Defendant GORDIYEVSKAYA was Plaintiff POGREBIZHENSKAYA's supervisor and/or had supervisory authority over Plaintiff POGREBIZHENSKAYA.

11.    That at all times relevant hereto, Defendant SVETLANA KAZAKEVICH ("SVETLANA") was an employee of Defendant SMILES AROUND US, holding the position of "Owner/School Founder."

12.    That at all times relevant hereto, Defendant SVETLANA was Plaintiff POGREBIZHENSKAYA's supervisor and/or had supervisory authority over Plaintiff POGREBIZHENSKAYA.

13.    That at all times relevant hereto, Defendant GABRIELE KAZAKEVICH ("GABRIELE") was an employee of Defendant SMILES AROUND US, holding the position of "Principal of the School."

14.    That at all times relevant hereto, Defendant GABRIELE was Plaintiff POGREBIZHENSKAYA's supervisor and/or had supervisory authority over Plaintiff POGREBIZHENSKAYA.

15.    That at all times relevant hereto, Defendant SMILES AROUND US, Defendant GORDIYEVSKAYA, Defendant SVETLANA, and Defendant GABRIELE are collectively referred to herein as "Defendants."

16.    At all times relevant hereto, Defendants had the power to, and were responsible for,

determining the wages to be paid to Plaintiff POGREBIZHENSKAYA.

17.     At all times relevant hereto, Defendants had the power to, and did in fact, establish the terms of Plaintiff POGREBIZHENSKAYA's employment, including Plaintiff POGREBIZHENSKAYA's schedule and rate of pay.

18.     The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work.  As a result, including as further described below, both Defendants are liable as "employers" under the FLSA.

19.     Defendants are also jointly and severally liable as joint employers under 29 C.F.R. §791.2 for the violations complained of herein.

20.     Upon information and belief, Defendants were engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had and have employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and have an annual gross volume of sales of not less than $500,000.00.

21.     Further, upon information and belief, during Plaintiff POGREBIZHENSKAYA's employment with Defendants, Plaintiff POGREBIZHENSKAYA routinely engaged in activities which facilitate or relate to interstate or foreign commerce.

## MATERIAL FACTS

22.     In or around 2004, Plaintiff POGREBIZHENSKAYA began working for Defendants as an "Assistant Teacher."

23.     As an "Assistant Teacher," Plaintiff POGREBIZHENSKAYA was responsible in assisting the Head Teacher care for toddlers ranging in age two (2) to (3) years old. Specifically, Plaintiff assisted the Head Teacher in changing diapers, potty training, dressing the children, taking the children for walks, feeding the children, assembling beds for toddler naps, cleaning the classrooms, and classroom activities, such as music, arts, and crafts.

24.     Throughout Plaintiff POGREBIZHENSKAYA's employment, Plaintiff POGREBIZHENSKAYA was an exemplary employee, was never disciplined, and always received compliments for her work performance.

25.     At all times relevant hereto, the work performed by Plaintiff POGREBIZHENSKAYA required no capital investment.

26.     At all times relevant hereto, Plaintiff POGREBIZHENSKAYA did not have any supervisory or managerial responsibilities.

27.     From on or about November 1, 2011 to on or about October 28, 2012, which is a period of approximately fifty two (52) weeks ("the 52-week period"), Plaintiff POGREBIZHENSKAYA worked for Defendants five (5) days per week, on Monday through Friday, from 7:30am to 5:30pm. Accordingly, Plaintiff POGREBIZHENSKAYA worked fifty (50) hours per week during the 52-week period.

28.     However, during the 52-week period, although Defendants required Plaintiff POGREBIZHENSKAYA to work fifty (50) hours each week, Defendants wholly failed to compensate Plaintiff POGREBIZHENSKAYA at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

29.     As Plaintiff POGREBIZHENSKAYA was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the ten (10) hours of overtime that Plaintiff POGREBIZHENSKAYA worked each week.

30.     By way of example, during the 52-week period, at the end of every two (2) weeks, rather than paying Plaintiff POGREBIZHENSKAYA for eighty (80) hours at her regular hourly rate of $13.38 ($1,337.90/100 hrs.) and twenty (20) hours at her overtime hourly rate of $20.07 for a total of one-thousand four-hundred seventy-one dollars and eighty cents ($1,471.80), Defendants instead always provided Plaintiff POGREBIZHENSKAYA with a paycheck in the amount of one-thousand three-hundred  thirty-seven dollars and ninety cents ($1,337.90).

31.     Thus, during the 52-week period, Defendants have blatantly violated the NYLL and FLSA by denying Plaintiff POGREBIZHENSKAYA approximately one-hundred thirty-three dollars and ninety cents ($133.90) in wages each pay period, for a total of **$3,481.40**.

32.     On or about September 16, 2013, due to Plaintiff POGREBIZHENSKAYA's excellent work performance, Defendants raised her pay rate to approximately $1,516.66 for every two (2) weeks.

33.     From on or about August 16, 2013 to on or about December 31, 2013, which is a period of approximately eighteen (18) weeks ("the 18-week period"), Plaintiff POGREBIZHENSKAYA worked for Defendants five (5) days per week, on Monday through Friday, from 7:30am to 5:30pm. Accordingly, Plaintiff POGREBIZHENSKAYA worked fifty (50) hours per week during the 18-week period.

34.     However, during the 18-week period, although Defendants required Plaintiff

POGREBIZHENSKAYA to work fifty (50) hours each week, Defendants wholly failed to compensate Plaintiff POGREBIZHENSKAYA at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

35.   By way of example, during the 18-week period, at the end of every two (2) weeks, rather than paying Plaintiff POGREBIZHENSKAYA for eighty (80) hours at her regular hourly rate of $15.17 ($1,516.66/100 hrs.) and twenty (20) hours at her overtime hourly rate of $22.75 for a total of one thousand six hundred sixty-eight dollars and sixty cents ($1,668.60), Defendants instead always provided Plaintiff POGREBIZHENSKAYA with a paycheck for various amounts that were always below her regular hourly rate of $15.17 and overtime hourly rate of $22.75.

36.   By way of example, from on or around August 16, 2013 until on or around September 15, 2013, although Plaintiff POGREBIZHENSKAYA worked a total of two hundred (200) hours during this 4-week period, Defendants only paid Plaintiff a total of $700.00. Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA **$2,637.20** ($15.17/hr x 80 hours = $1213.60 x 2 = $2,427.20; $22.75/hr x 20 hours = $455.00 x 2 = $910.00; $2,427.20 + $910.00 = $3,337.20; $3,337.20 - $700.00 = $2,637.20) for these four (4) weeks.

37.   Thereafter, from on or around January 1, 2014 until on or about June 30, 2014, which is a period of approximately twenty six (26) weeks ("the 26-week period"), Plaintiff POGREBIZHENSKAYA worked for Defendants five (5) days per week, on Monday through Friday, from 7:30am to 5:30pm. Accordingly, Plaintiff POGREBIZHENSKAYA worked fifty (50) hours per week during the 26-week period.

38.     However, during the 26-week period, although Defendants required Plaintiff POGREBIZHENSKAYA to work fifty (50) hours each week, Defendants wholly failed to compensate Plaintiff POGREBIZHENSKAYA at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

39.     By way of example, during the 26-week period, at the end of every two (2) weeks, rather than paying Plaintiff POGREBIZHENSKAYA for eighty (80) hours at her regular hourly rate of $15.17 ($1,516.66/100 hrs.) and twenty (20) hours at her overtime hourly rate of $22.75 for a total of one-thousand six-hundred sixty-eight dollars and sixty cents ($1,668.60), Defendants instead always provided Plaintiff POGREBIZHENSKAYA with a paycheck in the amount of one-thousand five-hundred  sixteen dollars and sixty-six cents ($1,516.66).

40.     Thus, during the 26-week period, Defendants have blatantly violated the NYLL and FLSA by denying Plaintiff POGREBIZHENSKAYA approximately one-hundred fifty-one dollars and ninety-four cents ($151.94) in wages each pay period, for a total of **$1,975.22**.

41.     From on or around September 1, 2014 until on or around June 30, 2015, which is a period of approximately forty three (43) weeks ("the 43-week period"), Plaintiff POGREBIZHENSKAYA worked for Defendants five (5) days per week, on Monday through Friday, from 7:30am to 5:30pm. Accordingly, Plaintiff POGREBIZHENSKAYA worked fifty (50) hours per week during the 43-week period.

42.     However, during the 43-week period, although Defendants required Plaintiff POGREBIZHENSKAYA to work fifty (50) hours each week, Defendants wholly failed to

compensate Plaintiff POGREBIZHENSKAYA at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

43. In fact, during the 43-week period, at the end of every two (2) weeks, rather than paying Plaintiff POGREBIZHENSKAYA for eighty (80) hours at her regular hourly rate of $15.17 ($1,516.66/100 hrs.) and twenty (20) hours at her overtime hourly rate of $22.75 for a total of one-thousand six-hundred sixty-eight dollars and sixty cents ($1,668.60), Defendants instead always provided Plaintiff POGREBIZHENSKAYA with a paycheck for various amounts that were always below her regular hourly rate of $15.17 and overtime hourly rate of $22.75.

44. By way of example, from on or around September 1, 2014 until September 15, 2014, although Plaintiff POGREBIZHENSKAYA worked a total of one hundred (100) hours, Defendants only paid Plaintiff a total of $1,458.00. Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA **210.60** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60) for these two (2) weeks.

45. Similarly, from on or around September 16, 2014 until November 15, 2014, although Plaintiff POGREBIZHENSKAYA always worked a total of one hundred (100) hours every two (2) weeks for a total of eight (8) weeks, Defendants always provided Plaintiff with a check totaling $1,458.33 for every two (2) weeks worked. Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA **210.27** every paycheck for a total of **$841.08** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60; $1,668.60 -$1,458.33 = $210.27 x 4 paychecks = $841.08) for these eight (8) weeks.

46.     Thereafter, from on or around November 16, 2014 until December 8, 2014, although Plaintiff POGREBIZHENSKAYA worked a total of one hundred and fifty (150) hours during this three (3) week period, Defendants only paid Plaintiff $1,485.00. Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA a total of **$1,017.90** ($15.17/hr x 40 hours = $606.80; $22.75/hr x 10 hours = $227.50; $606.80 + $227.50 = $834.30; $834.30 x 3 weeks = $2,502.90) for these three (3) weeks.

47.     From on or around December 8, 2014 until December 31, 2014, although Plaintiff POGREBIZHENSKAYA worked a total of one hundred and fifty (150) hours during this three (3) week period, Defendants only paid Plaintiff $1,485.00. Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA a total of **$1,017.90** ($15.17/hr x 40 hours = $606.80; $22.75/hr x 10 hours = $227.50; $606.80 + $227.50 = $834.30; $834.30 x 3 weeks = $2,502.90) for these three (3) weeks.

48.     From on or around January 1, 2015 until April 1, 2015, although Plaintiff POGREBIZHENSKAYA always worked a total of one hundred (100) hours every two (2) weeks for a total of twelve (12) weeks, Defendants always provided Plaintiff with a check totaling $1,485.00 for every two (2) weeks worked. Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA **$183.60** every paycheck for a total of **$1,101.60** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60; $1,668.60 -$1,485.00 = $183.60 x 6 paychecks = $1,101.60) for these twelve (12) weeks.

49.     From on or around April 1, 2015 until April 15, 2015, although Plaintiff POGREBIZHENSKAYA worked a total of one hundred (100) hours during this two (2) week period, Defendants only paid Plaintiff $1,139.79. Accordingly Defendants

underpaid Plaintiff POGREBIZHENSKAYA a total of **$528.81** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60) for these two (2) weeks.

50.     From on or around April 16, 2015 until June 30, 2015, although Plaintiff POGREBIZHENSKAYA always worked a total of one hundred (100) hours every two (2) weeks for a total of eighteen (18) weeks, Defendants always provided Plaintiff with a check totaling $1,458.00 for every two (2) weeks worked. Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA **$210.60** every paycheck for a total of **$1,053.00** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60; $1,668.60 -$1,458.00 = $210.6 x 5 paychecks = $1895.40) for these ten (10) weeks.

51.     Thus, during the 43-week period, Defendants have blatantly violated the NYLL and FLSA by underpaying Plaintiff POGREBIZHENSKAYA a total of **$5,770.89**.

52.     From on or around September 1, 2015 until on or around September 30, 2016[1], which is a period of approximately forty seven (47) weeks ("the 47-week period"), Plaintiff POGREBIZHENSKAYA worked for Defendants five (5) days per week, on Monday through Friday, from 7:30am to 5:30pm. Accordingly, Plaintiff POGREBIZHENSKAYA worked fifty (50) hours per week during the 47-week period.

53.     However, during the 47-week period, although Defendants required Plaintiff POGREBIZHENSKAYA to work fifty (50) hours each week, Defendants wholly failed to compensate Plaintiff POGREBIZHENSKAYA at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in

---

[1]  Plaintiff did not work from July 1, 2016 through August 31, 2016.

violation of the FLSA and the NYLL.

54.     In fact, during the 47-week period, at the end of every two (2) weeks, rather than paying Plaintiff POGREBIZHENSKAYA for eighty (80) hours at her regular hourly rate of $15.17 ($1,516.66/100 hrs.) and twenty (20) hours at her overtime hourly rate of $22.75 for a total of one-thousand six-hundred sixty-eight dollars and sixty cents ($1,668.60), Defendants instead always provided Plaintiff POGREBIZHENSKAYA with a paycheck for various amounts that were always below her regular hourly rate of $15.17 and overtime hourly rate of $22.75.

55.     For example, from on or about September 1, 2015 until September 15, 2015, although Plaintiff POGREBIZHENSKAYA worked a total of one hundred (100) hours during this two (2) week period, Defendants only paid Plaintiff $1,452.50. Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA a total of **$216.10** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60) for these two (2) weeks.

56.     From on or about September 16, 2015 until September 30, 2015, although Plaintiff POGREBIZHENSKAYA worked a total of one hundred (100) hours during this two (2) week period, Defendants only paid Plaintiff $1,465.50. Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA a total of **$203.10** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60) for these two (2) weeks.

57.     From on or around October 1, 2015 until December 31, 2015, although Plaintiff POGREBIZHENSKAYA always worked a total of one hundred (100) hours every two (2) weeks for a total of twelve (12) weeks, Defendants always provided Plaintiff with a

check totaling $1,462.50 for every two (2) weeks worked. Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA **$206.10** every paycheck for a total of **$1,236.60** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60; $1,668.60 -$1,462.50 = $206.10 x 6 paychecks = $1,236.60) for these twelve (12) weeks.

58.     From on or around January 1, 2016 until March 31, 2016, although Plaintiff POGREBIZHENSKAYA always worked a total of one hundred (100) hours every two (2) weeks for a total of twelve (12) weeks, Defendants always provided Plaintiff with a check totaling $1,462.50 for every two (2) weeks worked. Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA **$206.10** every paycheck for a total of **$1,236.60** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60; $1,668.60 -$1,462.50 = $206.10 x 6 paychecks = $1,236.60) for these twelve (12) weeks.

59.     From on or around April 1, 2016 until April 15, 2016, although Plaintiff POGREBIZHENSKAYA worked a total of one hundred (100) hours during this two (2) week period, Defendants only paid Plaintiff $1,465.50.   Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA a total of **$203.10** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60) for these two (2) weeks.

60.     From on or around April 16, 2016 until June 30, 2016, although Plaintiff POGREBIZHENSKAYA always worked a total of one hundred (100) hours every two (2) weeks for a total of eighteen (18) weeks, Defendants always provided Plaintiff with a check totaling $1,462.50 for every two (2) weeks worked. Accordingly Defendants

underpaid Plaintiff POGREBIZHENSKAYA **$206.10** every paycheck for a total of **$1,030.50** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60; $1,668.60 -$1,462.50 = $206.10 x 5 paychecks = $1030.50) for these ten (10) weeks.

61.     From on or about September 1, 2016 until September 15, 2016, although Plaintiff POGREBIZHENSKAYA worked a total of one hundred (100) hours during this two (2) week period, Defendants only paid Plaintiff $1,410.00.   Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA a total of **$258.60** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60) for these two (2) weeks.

62.     Lastly, from on or about September 16, 2016 until September 30, 2016, although Plaintiff POGREBIZHENSKAYA worked a total of one hundred (100) hours during this two (2) week period, Defendants only paid Plaintiff $1,332.50.   Accordingly Defendants underpaid Plaintiff POGREBIZHENSKAYA a total of **$336.10** ($15.17/hr x 80 hours = $1213.60; $22.75/hr x 20 hours = $455.00; $1213.60 + $455.00 = $1,668.60) for these two (2) weeks.

63.     Thus,     during    the    47-week    period,    Defendants    underpaid    Plaintiff POGREBIZHENSKAYA a total of **$4,926.80** in wages.

64.     As a result, due to Defendants' blatant violations of the NYLL and the FLSA, Plaintiff POGREBIZHENSKAYA is owed a total of **$18,791.51** in **unpaid overtime wages** for work performed for Defendants.

65.     Furthermore, Defendants did not provide Plaintiff POGREBIZHENSKAYA with any sort of written notice regarding: her regular rate of pay, overtime rate of pay, how she was to

be paid, her "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor, allowances taken as part of the minimum wage (including, inter alia, tips).

66.     Plaintiff POGREBIZHENSKAYA has been damaged by Defendants' failure to pay her lawfully earned overtime wages.

67.     Defendants' failure to pay Plaintiff POGREBIZHENSKAYA her earned overtime wages required by law was willful.

68.     Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff POGREBIZHENSKAYA demands Liquidated Damages as against both Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## OVERTIME

69.     Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

70.     Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for her employment in excess of forty (40) hours per week at a rate of at least one-and-one-half times the rate at which she was employed.

71.     Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201, *et seq.*, and its implementing regulations.

72.     Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. §207.

15

73.     Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

74.     Defendants' failure to comply with the FLSA has caused Plaintiff to suffer a loss of wages.

**AS A SECOND CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW**
**<u>OVERTIME</u>**

75.     Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

76.     Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

77.     Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL §170.

78.     Defendants have violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

79.     Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

80.     Defendants' failure to pay proper overtime wages is willful.

81.     Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## <u>WAGE NOTICE REQUIREMENT</u>

82.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

83.   The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

84.   Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

85.   Defendants not only did not provide notice to Plaintiff at time of hire, but failed to provide notice to Plaintiff even after the fact.

86.   Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-b).

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff her earned overtime wages;

B. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYLL by failing to give proper wage notice;

C. Awarding damages to Plaintiff for all unpaid overtime wages due under the FLSA and the NYLL;

D. Awarding damages to Plaintiff as a result of Defendants' failure to provide proper wage notice as required under the NYLL;

E. Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay overtime wages;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
February 8, 2018

LAW OFFICE OF
YURIY MOSHES, P.C.

By: _____

Alex Umansky (AU7961)
*Attorneys for Plaintiff*
322 West 48th Street, 6th Floor
New York, New York 10036
(718) 504-6090
aumansky@mosheslaw.com

18